IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| TERESA TRETT, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 1:18cv00065-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## **MEMORANDUM AND ORDER**

Plaintiff, Teresa Trett, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3

F.3d 1210, 1213 (8th Cir. 1993). After careful review of the record in this matter, for the following reasons, I find the decision of the Commissioner must be REVERSED and REMANDED.

Plaintiff was forty-six years old at the time of the administrative hearing. (Tr. 36.) She testified she is a high school graduate (*id.*) and has past relevant work as a customer service representative and bank teller. (Tr. 25, 51.)

The Administrative Law Judge (ALJ)[1] found Ms. Trett had not engaged in substantial gainful activity since the alleged onset date of May 12, 2015. She concluded Ms. Trett had "severe" impairments in the form of inflammatory bowel disease and affective disorders but did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 15-19.)

The ALJ next determined Ms. Trett had the residual functional capacity to perform a reduced range of light work. (Tr. 19.) Given this residual functional capacity assessment, the ALJ determined Plaintiff was incapable of performing any of her past jobs. (Tr. 25.) Therefore, she utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Ms. Trett could perform despite her impairments. (Tr. 51-55.) Based in part on the expert's testimony, the ALJ determined Ms. Trett could perform the jobs of cashier and document preparer (also performed at the sedentary level). (Tr. 27, 52-53.) Accordingly, the ALJ determined Ms. Trett was not disabled. (*Id.*)

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues "The ALJ's determination of the Claimant's RFC is unsupported by substantial evidence as it fails to account not only for the clear need of the claimant to need extra bathroom breaks, but also her propensity to miss days of work on a repeated basis due to flares of her Crohn's Disease." (Doc. No. 11 at 7.) Within this argument, Plaintiff argues that the ALJ improperly discounted the opinions of her treating physician, Abodunrin Badejo, M.D., and instead gave great weight to her consulting neurologist. (*Id.* at 9.)

Dr. Badejo has been Plaintiff's treating physician for years and his opinion generally should be accorded substantial weight. *E.g., Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993); *Prince v. Bowen*, 894 F.2d 283, 285 (8th Cir. 1990); *see Richmond v. Shalala*, 23 F.3d 1441, 1443 (8th Cir. 1994) (a treating physician's opinion concerning the physical limitations of a claimant is entitled to substantial weight). The ALJ stated she gave "some weight to Dr. Badejo's opinion as the claimant's treating physician." (Tr. 25.) But the ALJ noted that Plaintiff "denied any acute GI complaints" on October 5, 2016 and April 4, 2017 and found the most recent medical records showed her Crohn's disease was stable. (*Id.*) The weight given to Dr. Badejo is important because he also reported that Ms. Trett "may have a need for more frequent bathroom breaks, [and] may also have flares of the disease which may at times require her to miss work." (Tr. 518.)

Plaintiff calls "absurd" the fact that the ALJ gave great weight to neurologist, Ronald South, M.D., because he "saw the claimant only twice and for the limited purpose of trying to determine the etiology of her memory lapses and forgetfulness." (Doc. No. 11 at 9.) I disagree with Plaintiff on this point. I don't find the ALJ to be saying she gave great weight to the opinions

3

of Dr. South to the exclusion of the opinions of Dr. Badejo.  Rather, she has given Dr. South's opinion great weight – period.

Nevertheless, I do find this matter should be remanded to the Commissioner for further development of record for this reason – I find further development necessary to determine the impact of Plaintiff's need for frequent bathroom breaks as supported by the evidence of record. The vocational expert stated no jobs existed for a person who needed to "take frequent unscheduled breaks at will." (Tr. 53.)  She further said no jobs existed for a person who was required to "take two unscheduled breaks for 15 minutes, but this would be in addition to the two 15-minute breaks, morning and afternoon and the 30-minute break for lunch." (Tr. 54.)  But both questions exceed Dr. Badejo's opinion that Ms. Trett "may have a need for more frequent bathroom breaks." (Tr. 518.)  The most recent treatment notes report the need for an emergency bathroom break two to three times a month. (Tr. 586.)   Yet, the vocational expert was not asked to provide testimony regarding a person who might need to take weekly emergency breaks.

The ALJ and the Commissioner provide persuasive reasons to discount Plaintiff's allegations of complete disability.  For example, Plaintiff does not appear to have been very compliant with her medication and it does appear to help her with her symptoms.  The ALJ made fair points and her decision is well reasoned.  And the Commissioner's counsel has made persuasive arguments.  So, I do not take lightly remanding this case. However, as the ALJ noted, Ms. Trett has a strong work history and I believe she is being truthful about her need for frequent and emergent bathroom breaks.

Accordingly, I find the record needs further development regarding Ms. Trett's residual functional capacity with the need for emergency breaks to the degree supported by the credible evidence of record.  If necessary, the Commissioner should obtain the services of a medical expert.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and all pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 15th day of March 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE